NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 03 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARSHALL KENNETH FLOWERS; ANNA FLOWERS, <br><br>          Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES ARMY, 25th Infantry Division; FORT JACKSON FEDERAL CREDIT UNION; FIRST HAWAIIAN BANK; UNITED STATES OF AMERICA; THOMAS E. WHITE, Secretary of the Army; JOHN OHLWEILER, Major, <br><br>          Defendants - Appellees. | No. 04-16153 <br><br> D.C. Nos. CV-99-00335-SPK <br><br><br> **MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Hawaii
Samuel P. King, Senior Judge, Presiding

Submitted April 7, 2006[**]
San Francisco, California

---

   [*]   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

   [**]   This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

Before: THOMPSON and CALLAHAN, Circuit Judges, and MILLER, District Judge[***]

Husband and wife Marshall and Anna Flowers appeal *pro se* the district court's dismissal of their claims against the United States Army and the individual Army defendants ("federal defendants"), and grant of summary judgment in favor of Fort Jackson Federal Credit Union and First Hawaiian Bank. The Flowers also challenge various discovery and other procedural rulings made by the district court. We affirm the challenged rulings and deny the Flowers' two pending motions.

**1.** The Flowers argue that the district court erred in dismissing their claims brought pursuant to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401 *et seq.*, against the federal defendants. The district court based its dismissal on the doctrine enunciated in *Feres v. United States*, 340 U.S. 135, 146 (1950), which held that service members cannot sue the government for injuries that "arise out of or are in the course of activity incident to service." We must determine whether the district court had subject-matter jurisdiction over the Flowers' RFPA claims against the federal defendants. *See Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1997) ("A motion to dismiss pursuant to the *Feres* doctrine is properly treated as a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject

---

[***] The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

matter jurisdiction[.]"). We review de novo whether the *Feres* doctrine applies to the facts in the record. *Wilkins v. United States*, 279 F.3d 782, 785 (9th Cir. 2002).

The district court concluded that the Supreme Court's decision in *Feres* bars the Flowers' claims against the federal defendants because those claims would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States. This conclusion is in accord with our case law, which "broadly construe[s]" *Feres* "to immunize the United States and members of the military from *any* suit which may intrude in military affairs, second-guess[] military decisions, or impair[] military discipline." *Zaputil v. Cowgill*, 335 F.3d 885, 887 (9th Cir. 2003) (internal quotation marks omitted) (emphasis and alterations in original). Accordingly, the district court properly dismissed the Flowers' RFPA claims against the federal defendants because those claims implicate the concerns that lie at the heart of the *Feres* doctrine.[1] *Feres*, 340 U.S. at 146; *see also United States v. Johnson*, 481 U.S. 681, 691 (1987) ("[A] suit based upon service-related

---

[1] Our determination that *Feres* forecloses subject-matter jurisdiction over the RFPA claims directed at the federal defendants renders moot the Flowers' challenge to the district court's denial of their request for additional discovery from Army officials.

3

activity necessarily implicates the military judgments and decisions that are inextricably intertwined with the conduct of the military mission.").

**2.** The Flowers also argue that the district court erred in granting summary judgment to the bank and credit union. We review a grant of summary judgment de novo and may affirm on any basis presented in the record, construing the evidence in the light most favorable to the nonmoving party. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). A grant of summary judgment is appropriate only where the moving party has demonstrated that there is no genuine issue of material fact. *Id.*; FED. R. CIV. P. 56(c). Once the moving party demonstrates the absence of a genuine issue of material fact, the nonmoving party that bears the ultimate burden at trial must show that there is evidence creating a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

The record shows that the Flowers failed to produce or cite any evidence to establish a genuine issue of material fact sufficient to overcome summary judgment. The record establishes that the credit union is not liable under the RFPA because the subpoena issued to the credit union satisfies an exception to

liability under 12 U.S.C. § 3413(e).[2] There is also no indication that the Flowers are entitled to compensatory or punitive damages as the record evidence provides no connection between the conduct of the bank or the credit union and the Flowers' claimed damages, and nothing suggests that the bank or the credit union acted willfully or intentionally to violate the Flowers' rights under the RFPA. 12 U.S.C. § 3417(a)(3). Furthermore, the Flowers' tort claims against the credit union lack any evidentiary support in the record. We must therefore conclude that the district court did not err in granting summary judgment to the bank and the credit union.

**3.** The Flowers next contend that the district court abused its discretion in denying their Rule 59(e) motion for reconsideration and in making various discovery and procedural rulings. The district court did not abuse its discretion because the motion failed to set forth any of the allowable grounds for reconsideration. *See* FED. R. CIV. P. 59(e). As to the Flowers' argument that the district court should have permitted them to amend their complaint a third time in order to add a claim challenging the military's search of their residence under the Fourth Amendment, we agree with the district court that such an amendment

---

[2] The protections of the RFPA do not "apply when financial records are sought by a Government authority under the Federal Rules of Civil or Criminal Procedure or comparable rules of other courts in connection with litigation to which the Government authority and the customer are parties." 12 U.S.C. § 3413(e).

5

would have been futile because the proposed claim appears to be barred by the *Feres* doctrine based on the same rationale precluding subject-matter jurisdiction over the Flowers' other claims against the federal defendants. *See Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) (holding that "district courts need not accommodate futile amendments"). Further, the Flowers' objection to the withdrawal of their counsel, attorney Brown, is in vain because the record reveals that the Flowers fired Brown. We have considered the Flowers' remaining miscellaneous contentions – including the Flowers' assertion that the district court improperly considered exhibits that the bank submitted in support of its summary-judgment motion and the Flowers' challenge to a number of the district court's discovery rulings – and we conclude that they are also without merit.

**4.** Finally, we deny the Flowers' motions to strike the federal defendants' answering brief and to compel government counsel's compliance with the Federal Rules of Appellate Procedure. The first motion is founded on the false premise that the Department of Justice is not permitted to represent the federal defendants on appeal. While the second motion notes an apparent failure by government counsel to comply with certain procedural rules for serving documents on opposing parties, the Flowers have not demonstrated any injury or prejudice resulting therefrom.

\* \* \* \* \*

For all of the foregoing reasons, the district court's decisions are **AFFIRMED** and the pending motions are **DENIED**.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

OCT 5 - 2006

by: *[signature]*
Deputy Clerk